**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Michael Johnson,         ) | No. CV 05-2564-PHX-ROS (JM) |
|                                ) | |
| Plaintiff,                     ) | **REPORT AND RECOMMENDATION** |
|                                ) | |
| vs.                            ) | |
|                                ) | |
| Joseph M. Arpaio,              ) | |
|                                ) | |
| Defendant.                     ) | |
|                                ) | |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Pending before the Court is a Motion to Dismiss [Docket No. 6] filed by Defendant Joseph M. Arpaio (hereinafter, "Defendant"). For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, grant the pending motion.

**A.     Discussion**

At the time of the events giving rise to Plaintiff's claims, he was jailed at the Durango Jail in Phoenix, Arizona. On August 25, 2005, pursuant to 42 U.S.C. § 1983, he filed *pro se* the above-titled civil rights action. He alleges that the jail is severely overcrowded, he is exposed to unsanitary conditions, he receives an improper diet, and he is denied recreation. On April 10, 2006, Defendant filed a motion to dismiss the complaint for failure to exhaust administrative remedies.

Exhaustion is an affirmative defense as to which defendants have the burden of proof, and is properly raised in an "unenumerated" Rule 12(b) motion to dismiss rather than in a motion for summary judgment. *See Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *See id*. at 1119-20.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and not merely directory. *See Porter v. Nussle,* 534 U.S. 516 (2002). All available remedies must be exhausted and those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *See id.* Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force

- 2 -

or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *See id.* at 988, 992; *Booth v. Churner,* 532 U.S. 731, 741 (2001).

In this case, the Defendant contends that Plaintiff has not exhausted the Inmate Grievance Procedure, Policy Number DJ-3 (attached to the Defendant's Motion as Exhibit 1A). The Grievance Procedure describes three levels of redress. First, the inmate must submit a Grievance Form to a detention officer for resolution by the officer, shift supervisor, or hearing officer. Second, if an inmate decides to appeal, he is provided an Institutional Grievance Appeal Form which is submitted to the jail commander. Third, if the inmate remains dissatisfied, he is informed of the right to pursue an External Grievance Appeal to be decided by an external referee. *Inmate Grievance Procedure*, ¶¶ 1-7. Only upon conclusion of this procedure is the inmate permitted to file a complaint in the Federal District Court. *Id.*, ¶ 8.

Plaintiff claims that he filed four separate grievances raising the issues about which he complains. He contends that Defendant failed to respond to these grievances, and that he is therefore excused from his failure to exhaust his non-judicial remedies. Plaintiff's contention does not survive an examination of the record.

Each of Plaintiff's alleged grievances is attached to Defendant's Reply in Support of the Motion to Dismiss. The first of these, in which he complains about overpopulation of the jail, was not appealed beyond the shift supervisor's action and was signed-off by Plaintiff as informally resolved. *Reply*, Exhibit 1A. Contrary to Plaintiff's assertion, the Defendant *did* respond to this grievance and Plaintiff did not appeal.

In his second grievance, Plaintiff complained about a lack of recreational opportunities. No record exists that Plaintiff submitted such a grievance to any officer, shift supervisor, or hearing officer. *Id.*, Exhibit 2. The defense points out that the grievance forms are distributed liberally and are recorded by the Maricopa County Sheriff's Office. *Motion to Dismiss*, Exhibit 1, ¶¶5-8. Plaintiff offers no information as to whom he allegedly submitted this grievance or how he became aware that officials of the MCSO were not going to address his claims. In light of his lack of candor (as established by his submission of the incomplete copy of his first grievance), and failure to offer any facts which would suggest an alternate interpretation, the Court finds that this grievance was never properly submitted.

In his third grievance, Plaintiff complained that he was served outdated food and was not fed often enough. *Reply*, Exhibit 3. Plaintiff never submitted this grievance; an inmate by the name of James Allen did. Moreover, the MCSO record reflects that a response was provided.

The fourth grievance also raises dietary concerns. *Id.*, Exhibit 4. While this grievance reflects the officer action taken, it contains no indication that it was ever appealed. Plaintiff has again failed to provide any allegations that could establish that he was prevented or obstructed in his attempts to appeal this grievance.

There is no basis upon which the Court can find that Plaintiff exhausted all available administrative remedies. The record reflects that one of his grievances was never submitted, one of them was not even his, and the other two were never appealed. Plaintiff has offered nothing to suggest otherwise. As such, the Defendant has satisfied his burden to establish that

Plaintiff failed to exhaust his administrative remedies in relation to his claims.  42 U.S.C. § 1997(e)(a).

**B.        Recommendation**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **granting** the Defendant's Motion to Dismiss [Docket No. 6], and **dismissing** this matter without prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-2564-PHX-ROS**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 30th day of May, 2006.

_____
Jacqueline Marshall
United States Magistrate Judge

- 5 -