| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Michael Johnson, | ) | No.05-2564-PHX-ROS |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph Arpaio, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

On August 25, 2005 Plaintiff, who was at that time incarcerated at the Durango Jail, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 (Doc. #1). On May 30, 2006 Magistrate Judge Marshall issued a Report and Recommendation ("R&R") recommending that the Complaint be dismissed without prejudice based on Petitioner's failure to exhaust administrative remedies (Doc. #12). No objections were filed by either party.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1126 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District

1 courts are not required to conduct "any review at all . . . of any issue that is not the subject
2 of an objection."  Thomas v. Arn, 474 U.S. 140, 149 (1985).  No objection having been
3 made, the Court will adopt the R&R in full.
4     Accordingly,
5 **IT IS ORDERED** that the Report and Recommendation (Doc. #12) is **ADOPTED**
6 and this action is **DISMISSED WITHOUT PREJUDICE**.

    DATED this 16th day of June, 2006.

                      Roslyn O. Silver
                      United States District Judge